UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN CLARK, | No. 22-1693 (NLH) (AMD) |
| Plaintiff, | OPINION |
| v. | |
| TPR. JAPA, et al., | |
| Defendants. | |

APPEARANCE:

John Clark
42592
Cumberland County Jail
54 W. Broad Street
Bridgeton, NJ 08302

    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff John Clark, presently incarcerated in the
Cumberland County Jail in Bridgeton, New Jersey, seeks to file
this Complaint against Defendants New Jersey State Trooper M.
Astacio Japa and the New Jersey State Police pursuant to 42
U.S.C. § 1983.  (See ECF No. 1.)

    At this time, the Court must review the Complaint in
accordance with 28 U.S.C. § 1915(e)(2) to determine whether it
should be dismissed as frivolous or malicious, for failure to
state a claim upon which relief may be granted, or because it
seeks monetary relief from a defendant who is immune from such
relief.  For the reasons set forth below, the Court will dismiss

1

the Plaintiff's claims against the New Jersey State Police with prejudice and dismiss the Plaintiff's claims against Trooper Japa without prejudice.

I.   <u>BACKGROUND</u>

According to the Complaint, Plaintiff recorded a video in the winter of 2018, which featured two New Jersey State Police officers exiting a Wawa in Upper Deerfield, New Jersey.[1]  (ECF No. 1 at 5.)  Plaintiff directs the Court to watch this video. (ECF No. 1 at 6.)  After posting the video on YouTube, Plaintiff received two phone calls from the New Jersey State Police in which officers told him not to return to that Wawa; otherwise, he would be arrested.  (<u>Id.</u> at 8.)  Plaintiff alleges in the following months, New Jersey State Police troopers repeatedly pulled him over while he was driving but then let him go.  (<u>Id.</u>)

On June 11, 2019, Plaintiff's wife filed a temporary restraining order against him.  (<u>Id.</u> at 11.)  She then called

---

[1] <u>See</u> https://youtu.be/WyVO9j2Xejk.  The events of the video take place as follows: Plaintiff records two New Jersey State Police officers exiting a Wawa while holding cups of coffee. Once they leave, the Plaintiff turns the camera on himself and expresses disappointment that those officers walked out without paying for their coffees.  He proceeds to the register and asks if he can get his coffee for free since the two officers walked out without paying for theirs.  The clerk explained that those men did not need to pay.  Plaintiff then asked to speak with the manager of the establishment about how it was unfair that the officers did not have to pay for coffee while he did.  After discussing the matter with him, the manager allowed Plaintiff to leave without paying for his coffee.

the New Jersey State Police to notify them that the Plaintiff had weapons on his property.  (Id.)  Plaintiff contends that the address his wife provided was his nephew's, not where he resided.  (Id.)  When Plaintiff arrived to visit his nephew, the New Jersey State Police approached him, saying "that they needed to search [the] house and garage for weapons for safe keeping." (Id. at 12.)  After the Plaintiff told the police that he did not reside at that address, Plaintiff alleges that the New Jersey State Police searched his car and his nephew's home, illegally using the temporary restraining order as a search warrant.  (ECF No. 1 at 12-13.)

While searching the residence, the police found drugs and airsoft guns, but Plaintiff alleges the police charged him with possessing real guns.  (Id. at 13.)  Following the Plaintiff's arrest, he was taken into custody where he states he discovered that a search warrant was not granted until after the search. (Id.)  To further his contention that this arrest was made in retaliation for his YouTube video, Plaintiff alleges that an officer mocked him and referenced his video while holding up a cup from Wawa saying, "this free Wawa coffee sure is good." (Id.)

Plaintiff alleges Defendants violated his First Amendment right to free speech by arresting him in retaliation for his exercise of those rights.  (Id. at 13.)  Plaintiff alleges

3

Defendants violated his Fourth Amendment right by committing an unlawful search and seizure.  (Id. at 15.)  These counts are all asserted under 42 U.S.C. § 1983.  (Id. at 2.)

Plaintiff is suing for monetary damages in the amount of $25 million and requests injunctive relief.  (Id. at 6-7.)

II.  STANDARD OF REVIEW

Section 1915(e)(2)(B) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis.  The Court must sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Plaintiff has been granted in forma pauperis status and this Complaint is now subject to sua sponte screening.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the Plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove

no set of facts in support of his claim which would entitle him to relief.'"  <u>Haines</u>, 404 U.S. at 521 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

To survive <u>sua</u> <u>sponte</u> screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  <u>Fair Wind Sailing, Inc. v. Dempster</u>, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)).  "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).

III. <u>SECTION 1983 ACTIONS</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to

the party injured in an action at law, suit in equity,
or other proper proceeding for redress.

Thus, to state a claim for relief under § 1983, a plaintiff must
allege the violation of a right secured by the Constitution or
laws of the United States, and that the alleged deprivation was
committed or caused by a person acting under color of state law.
West v. Atkins, 487 U.S. 42, 48 (1988); Malleus v. George, 641
F.3d 560, 563 (3d Cir. 2011).

    IV.  DISCUSSION

    A. Defendant New Jersey State Police

At the outset, the claims against the New Jersey State
Police are dismissed.  The New Jersey State Police is not an
entity cognizable as a "person" who can act under the color of
law.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 71
(1989) (explaining that a state or an arm of the state is not a
"person" within the meaning of § 1983); Smith v. New Jersey, 908
F. Supp. 2d 560, 563 (D.N.J. 2012) (dismissing a § 1983 claim
against the State of New Jersey and the New Jersey State Police
because the state and arms of the state may not be sued under §
1983).

Because the New Jersey State Police is not considered a
"person" under § 1983, Plaintiff's allegations against the New
Jersey State Police will be dismissed, and such dismissal will
be with prejudice.

    B. <u>Defendant M. Astacio Japa</u>

     1. <u>Fourth Amendment Claims</u>

Plaintiff contends that he was subjected to illegal search and seizure under the Fourth Amendment.  However, his claim fails because it is time-barred by the statute of limitations. "Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint." <u>Ostuni v. Wa Wa's Mart</u>, 532 F. App'x 110, 111–12 (3d Cir. 2013) (per curiam).  Section 1983 complaints are governed by New Jersey's limitations period for personal injuries and must be brought within two years of the claim's accrual.  <u>See</u> <u>Dique v. New Jersey State Police</u>, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues 'when the plaintiff knew or should have known of the injury upon which the action is based.'"  <u>Montanez v. Sec'y Pennsylvania Dep't of Corr.</u>, 773 F.3d 472, 480 (3d Cir. 2014) (quoting <u>Kach v. Hose</u>, 589 F.3d 626, 634 (3d Cir. 2009)).

Plaintiff's § 1983 claims, accrued on the date of his arrest: June 11, 2019.  <u>See</u> <u>Singleton v. DA Philadelphia</u>, 411 F. App'x 470, 472 (3d Cir. 2011) (noting that a claim for false arrest accrues on the date of arrest).  Plaintiff's Complaint

was due on June 11, 2021, at the latest.  He did not submit his complaint until March 2022.  (ECF No. 1.)

The Court may toll, or extend, the statute of limitations in the interest of justice.  Tolling is warranted when the state has "actively misled" a plaintiff as to the existence of his cause of action, there are extraordinary circumstances that prevented him from filing the claim, or he filed the claim on time but in the wrong forum.  <u>Omar v. Blackman</u>, 590 F. App'x 162, 166 (3d Cir. 2014).

In the interest of justice, the Court will dismiss the action without prejudice and permit Plaintiff to file an amendment with an argument in favor of equitable tolling.

### 2. <u>First Amendment Retaliation Claims</u>

Plaintiff believes that the "Officer Japa retaliated against" him because he featured them in his YouTube video. (ECF No. 1 at 15.)  In order to plead a retaliation claim under the First Amendment, Plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action.  <u>Mitchell v. Horn</u>, 318 F.3d 523, 530 (3d Cir. 2003).

Here, the complaint alleges that Trooper Japa arrested the Plaintiff in retaliation for the exercise of his First Amendment

right to record a video in Wawa.  (ECF No. 1 at 15.)  However,
he does not state whether or not probable cause existed to
arrest him.  "The plaintiff pressing a retaliatory arrest claim
must plead and prove absence of probable cause for the arrest."
Nieves v. Bartlett, 139 S. Ct. 1715, 1724 (2019).

Plaintiff has not adequately plead that Trooper Japa lacked
probable cause for his arrest.  Rather, Plaintiff assumes based
on patterns of behavior that Trooper Japa retaliated against
him.  He has not alleged the necessary causal link.

Assuming arguendo that he did meet the elements of a
retaliatory arrest claim, he still fails to state a claim as he
is time-barred by the statute of limitations for § 1983 actions
as discussed supra.

V.   CONCLUSION

For the reasons stated above, the Plaintiff's claims
against the New Jersey State Police are dismissed with prejudice
for failure to state a claim.  The Plaintiff's claims against
Trooper Japa are dismissed without prejudice for failure to
state a claim, with leave to amend granted if Plaintiff may cure
the deficiencies outlined above.


Dated:  July 11, 2022              s/ Noel L. Hillman
At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J.

9