UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOHN CLARK,

       Plaintiff,

   v.

TPR. JAPA, et al.,

       Defendants.

No. 22-1693 (NLH) (AMD)

OPINION

APPEARANCE:

John Clark
85 Coral Ave
Bridgeton, NJ 08302

    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff John Clark filed a complaint against Defendants New Jersey State Trooper M. Astacio Japa and the New Jersey State Police pursuant to 42 U.S.C. § 1983.  ECF No. 1.  The Court reviewed the complaint under 28 U.S.C. § 1915(e)(2) and concluded that Plaintiff's claims were barred by the statute of limitations.  ECF No. 7.  Plaintiff was permitted to submit arguments in favor of equitable tolling, which he did.  ECF Nos. 8 & 10.

    Plaintiff alleged Defendants violated his First Amendment right to free speech by arresting him in retaliation for his exercise of those rights.  According to the complaint, Plaintiff recorded a video in the winter of 2018 featuring two New Jersey

1

State Police officers exiting a Wawa in Upper Deerfield, New Jersey.[1]  ECF No. 1 at 5.  After posting the video on YouTube, Plaintiff received two phone calls from the New Jersey State Police that told him not to return to that Wawa; otherwise, he would be arrested.  Id. at 8.  Plaintiff alleged that the following months New Jersey State Police troopers repeatedly pulled him over while he was driving then let him go.  Id.

He also alleged Defendants violated his Fourth Amendment right by committing an unlawful search and seizure.  Id. at 15. On June 11, 2019, Plaintiff's wife filed a temporary restraining order against him.  Id. at 11.  She then called the New Jersey State Police to notify them that the Plaintiff had weapons on his property.  Id.  Plaintiff contends that the address his wife provided was his nephew's, not where he resided.  Id.  When Plaintiff arrived to visit his nephew, the New Jersey State

---

[1] Plaintiff asked the Court to watch this video.  ECF No. 1 at 6. See https://youtu.be/WyVO9j2Xejk.  The events of the video take place as follows: Plaintiff records two New Jersey State Police officers exiting a Wawa while holding cups of coffee.  Once they leave, the Plaintiff turns the camera on himself and expresses disappointment that those officers walked out without paying for their coffees.  He proceeds to the register and asks if he can get his coffee for free since the two officers walked out without paying for theirs.  The clerk explained that those men did not need to pay.  Plaintiff then asked to speak with the manager of the establishment about how it was unfair that the officers did not have to pay for coffee while he did.  After discussing, the manager allowed Plaintiff to leave without paying for his coffee.

Police approached him, saying "that they needed to search [the] house and garage for weapons for safe keeping."  Id. at 12.

After Plaintiff told the police that he did not reside at that address, Plaintiff alleges that the New Jersey State Police searched his car and his nephew's home, illegally using the temporary restraining order as a search warrant.  Id. at 12–13. While searching the residence, the police found drugs and airsoft guns, but Plaintiff alleges the police charged him with possessing real guns.  Id. at 13.  To further his contention that this arrest was made in retaliation for his YouTube video, Plaintiff alleges that an officer mocked him and referenced his video while holding up a cup from Wawa saying, "this free Wawa coffee sure is good."  Id.

The Court dismissed Plaintiff's claims against Defendant New Jersey State Police as it is not an entity cognizable as a "person" who can act under the color of law.  ECF No. 6 at 6 (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)).  It also dismissed Plaintiff's First and Fourth Amendment claims based on the statute of limitations. "Plaintiff's § 1983 claims, accrued on the date of his arrest: June 11, 2019.  Plaintiff's Complaint was due on June 11, 2021, at the latest.  He did not submit his complaint until March 2022."  Id. at 7-8 (citing Singleton v. DA Philadelphia, 411 F. App'x 470, 472 (3d Cir. 2011)).  The Court granted Plaintiff

3

leave to submit arguments in favor of equitable tolling.  ECF No. 7.

In response, Plaintiff asserts that his complaint should not be dismissed as time-barred as the delay was not his fault. "[D]ue to covid the [Cumberland County Jail] had no movement, we had problems getting signatures of jail officials on [in] forma pauperis paperwork.  We had no law library.  I couldn't get copies made.  I was under 23 and a half hour lock-down after covid hit."  ECF No. 8 at 3.  He also asserts "its not always limited to 2 years but from the time events or facts are 'learned.'"  Id.  He asserts a fellow detainee at the jail left and returned to jail, and had spoken to Plaintiff's ex-wife while released.  Id.  Plaintiff states the detainee learned that the "Bridgeton State Police had it out for me because of my You-Tube video.  This was shortly after the 2 year statute to limitations."  Id.  In a later submission, Plaintiff claims he "'learned' new evidence today . . . ."  ECF No. 10 at 1. According to Plaintiff, his son spoke with Plaintiff's ex-wife, who stated "the Bridgeton State Police wanted [Plaintiff] over that You-Tube video that he had made" and that she "found it strange that after she had called the Vineland police to report that [Plaintiff] broke out her car window, and the Bridgeton State Police showed up her home in Vineland, NJ."  Id.  "Sir

again I've learned these things.  So look outside the 2 year
statute I'm still learning."  Id. at 2.

The accrual date of a § 1983 action is determined by
federal law.  Wallace v. Kato, 549 U.S. 384, 388 (2007);
Montanez v. Sec'y Pa. Dep't of Corr., 773 F.3d 472, 480 (3d Cir.
2014).  "A section 1983 cause of action accrues when the
plaintiff knew or should have known of the injury upon which its
action is based." Sameric Corp. of Delaware v. City of
Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998).  "The
determination of the time at which a claim accrues is an
objective inquiry; we ask not what the plaintiff actually knew
but what a reasonable person should have known." Kach v. Hose,
589 F.3d 626, 634 (3d Cir. 2009).  However, "[s]tate law, unless
inconsistent with federal law, . . . governs the concomitant
issue of whether a limitations period should be tolled." Dique
v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010).

"Under New Jersey law, a statute of limitations can be
tolled based upon equitable principles, including the discovery
rule.  The discovery rule postpones a claim from accruing if a
plaintiff is reasonably unaware that he has suffered an injury
or, even though he is aware of the injury, that it was the fault
of an identifiable person." Id.  "The law is clear that courts
must be sparing in their use of equitable tolling." Seitzinger
v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999).

Plaintiff's claims are not subject to tolling under the discovery rule.  Plaintiff alleges in the complaint that he received phone calls from New Jersey State Police officers warning him to stay away from Wawa shortly after posting the video in the winter of 2018.  ECF No. 1 at 5.  He also claimed to have been "repeatedly" pulled over in the following months.  Id. at 8.  Plaintiff alleges that an officer mocked him during the search on June 11, 2019, refencing his video while holding up a cup from Wawa saying, "this free Wawa coffee sure is good."  Id. at 13.  A reasonable person would have known they had possible claims against the police officers based on these facts.  Therefore, the discovery rule does not toll Plaintiff's claims.

Plaintiff is also not entitled to tolling based on the limitations of the Cumberland County Jail during the COVID-19 pandemic.  Plaintiff's complaint was due June 11, 2021, and the Court received dozens of civil rights complaints from the Cumberland County Jail between March 2020 and June 2021.  See, e.g., Brown v. Caldwell, No. 20-7907 (D.N.J. filed June 26, 2020).  In fact, Plaintiff successfully filed a complaint against the Jail on June 21, 2021.  Clark v. Warren, No. 21-12797.  This Court undertook significant efforts to ensure all complaints were filed and reviewed, including issuing orders directed to the Jail for the specific purpose of making sure the

Jail complied with its responsibilities under the in forma pauperis statute.  See, e.g., Harold v. Smith, No. 20-15623 (hearing Dec. 9, 2021) (ECF No. 29).  Plaintiff has not provided facts indicating that he was prevented from filing this complaint on time.

There are no facts in the complaint or in Plaintiff's supplemental filings from which the Court could reasonably conclude that equitable tolling would be appropriate in this matter.  Accordingly, the Court will dismiss the complaint with prejudice as barred by the statute of limitations.

An appropriate order follows.


Dated: May 4, 2023              s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.

7